An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF DANIEL M. BUNIN, ESQ., BAR NO. 5239

No. 60372

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve attorney Daniel M. Bunin's conditional guilty plea in exchange for a stated form of discipline. *See* SCR 113(1), (3); SCR 105(3)(b).

In 2005, Elizabeth French retained the law firm Bunin & Bunin to represent her in a personal injury matter.[1]  Her initial contact was with a legal assistant at the firm who had her fill out retainer paperwork. Shortly thereafter, a complaint was filed in her case and was signed by Bunin. Under the belief that Bunin was her attorney, French attempted to contact Bunin many times over a four-year period regarding the status of her case. Intermittently, she spoke with a paralegal who tried to assuage her frustration regarding the lack of attorney contact, but Bunin never returned her phone calls. Finally, after indicating to the

_____

[1]The named partners of this firm were Daniel Bunin and Joseph Bunin. Both persons are pertinent to our discussion; throughout this order, we refer to Daniel Bunin as Bunin and refer to Joseph Bunin as Joseph.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21377

legal assistant that she planned to contact the state bar, Joseph contacted French. At that time, Joseph informed her that he, not Bunin, was the attorney handling her case, and that somehow her file had been inadvertently sent to storage.[2] As the statute of limitations was set to expire, French chose to represent herself upon firing Bunin & Bunin and received less in settlement than she might have been entitled to with the assistance of counsel.

Under the conditional guilty plea agreement, Bunin admitted to the following ethical violations: RPC 1.16 (declining or terminating representation), RPC 5.1 (responsibilities of partners, managers, and supervisory lawyers), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.1(b) (bar admission and disciplinary matters).[3] The agreement provides for a 30-day suspension from practice, to be stayed, with the proviso that any new ethics violations will trigger imposition of the suspension. It also provides that Bunin will be placed on probation with the state bar for 24 months, with the condition that Bunin be assigned a mentor who will provide quarterly reports to the state bar. Further, Bunin shall separate his law practice from Joseph's practice, must take an additional 10 hours of CLE specific to law office management both years he is on probation, and will receive a letter of

[2]Joseph appeared on behalf of Bunin at the hearing in this matter and testified that French was his client, not Bunin's.

[3]In exchange for this plea, the following alleged ethical violations were dismissed: RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 5.5 (unauthorized practice of law).

reprimand. Bunin is also required to pay the costs of the disciplinary proceedings.

After reviewing the record of the instant disciplinary proceedings, we approve the conditional guilty plea agreement. *See* SCR 113(1). Therefore, Bunin is hereby disciplined as follows:

(1) Bunin is suspended from the practice of law for 30 days; the imposition of this suspension is stayed. Should Bunin's mentor note any ethical violations during his or her quarterly reviews and/or should the state bar receive any new complaint regarding Bunin that merits investigation, the 30-day suspension will be imposed.

(2) Bunin shall be on probation for 24 months. As a condition of his probation, Bunin will be assigned a neutral mentor selected by the state bar. The mentor shall submit quarterly reports to the state bar detailing his or her contact with Bunin, his or her impressions of Bunin's firm management, and any other pertinent observations.

(3) Concurrent to the term of his probation, Bunin must, in addition to the 12 hours of mandated yearly CLE, complete 10 extra hours of CLE specific to law office management, for a total of 22 CLE credits required for each of the two years.

(4) Within 30 days of the date of this order, Bunin shall dissolve Bunin & Bunin, separate his law practice location from that of Joseph, and cease handling cases either with or on behalf of Joseph.

(5) The state bar shall issue a letter of reprimand to Bunin regarding the instant violations.

(6) Within 30 days from the date of this order, Bunin shall pay the costs of the disciplinary proceedings.

It is so ORDERED.[4]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[4]Though not addressed in the Board's recommendation, the conditional guilty plea contemplates the state bar's dismissal of several other complaints against Bunin. We approve of the dismissal of these specifically referenced cases as though they were incorporated into the Board's recommendation.

cc: Jeffrey R. Albregts, Chair, Southern Nevada Disciplinary Panel
Janeen Isaacson, Assistant Bar Counsel
Kimberly Farmer, Executive Director, State Bar of Nevada
Michael Warhola, Esq.
Perry Thompson, Admissions Office, U.S. Supreme Court